IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEBRA W. WORKMAN, <br><br> Plaintiff, <br> v. <br><br> CONOCOPHILLIPS COMPANY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL <br><br> Case No. 2:15-CV-332 RJS <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Brooke Wells |

Plaintiff brings a short form discovery motion seeking an order compelling Defendant to:

(1) answer Plaintiff's First Request for Discovery Interrogatories 3-7, and Requests for Admission 2, 3, and 9, and
(2) designate and prepare a witness to testify about the topics in Plaintiff's Rule 30(b)(6) Deposition notice.[1]

Plaintiff argues that this information is in Defendant's control. In this case Plaintiff seeks an "original share certificate for one that has been 'lost, destroyed, or wrongfully taken.'"[2] And this information is designed to help Plaintiff obtain that certificate. Plaintiff further asserts that she is entitled to obtain this information from Defendant rather than from Defendant's stock transfer agent and she wants "Defendant's binding position" via a Rule 30(b)(6) deponent.[3]

In response, Defendant points to the history of this case including Plaintiff's Motion for Leave to Join Third Parties as Defendants.[4] In that motion and the subsequent order granting it,[5] Plaintiff was given permission to join the Stock Transfer Agents. Plaintiff, however, never

---

[1] Mtn p. 1.

[2] *Id.* at 2 (quoting Utah Code Annotated § 0A-8-405(1).

[3] *Id.* at 3.

[4] Docket no. 20.

[5] Docket no. 21.

effected service on the Stock Transfer Agents and there is no record that they are part of this case. According to Defendant the Stock Transfer Agents have their own interests, counsel and potential independent liability, so Defendant should not be compelled to produce information of another party that may have adverse interests. Finally, Defendant is willing to designate a 30(b)(6) representative who will provide a binding position on the topic areas "addressed in Plaintiff's Amended Notice of Rule 30(b)(6) Deposition."[6] Defendant, however, is not willing to "designate a representative of an independent third-party stock transfer agent . . . to provide testimony on behalf of ConocoPhillips."[7]

As noted by Plaintiff, a Rule 30(b)(6) deponent "must testify as to matters known or reasonably available to the corporation" and "present the organization's knowledge on those topics."[8] After reviewing the record in this case the court agrees with Defendant's arguments. Defendant need not provide information that is in the possession of a third party, especially when it was Plaintiff's failure to join that party. Plaintiff may subpoena the information it seeks from the Stock Transfer Agents. The court will however require Defendant to designate a 30(b)(6) witness to testify as to the areas in the Amended Notice of Rule 30(b)(6) Deposition. This deponent will be a representative of ConocoPhillips, but Defendant is not required to designate a representative of the third party Stock Transfer Agents.

ORDER

In accordance with the foregoing, the court DENIES Plaintiff's Motion to Compel.

Plaintiff included a request for an extension of time in the caption of the motion; however, it is unclear from the motion exactly what extension is requested. Thus, the court

---

[6] Op. p. 1.

[7] *Id.* at p. 2.

[8] 8A *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* §2103 (2d ed. 1987).

DENIES the extension request.  If necessary Plaintiff may file a new motion for an extension with proper support and details.

    IT IS SO ORDERED.

    DATED this 21 September 2016.

                                        Brooke C. Wells
                                        United States Magistrate Judge